Filed 06/23/23  P. v. Cunningham CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061623 |
| v. | (Super. Ct. No. 10CF1764) |
| DAVID FRANCIS CUNNINGHAM, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Heather L. Beugen for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

This is an appeal from the trial court's denial of defendant David Francis Cunningham's second petition to vacate his murder conviction pursuant to Penal Code section 1172.6.[1]  Even if the trial court should not have summarily denied this petition as a "duplicate petition," we conclude the error was harmless because, contrary to defendant's argument, there was no reasonable interpretation of the facts that would render him eligible for resentencing.  Accordingly, we affirm the order.


I

FACTS

The underlying facts are from our prior opinion affirming the trial court's denial of defendant's first petition for resentencing pursuant to section 1172.6.  (*People v. Cunningham* (Dec. 8, 2021, G059252) [nonpub. opn.].)  Suffice to say that in 2012, defendant pleaded guilty to killing Jason Williams in December 2004.  On his plea agreement form, Cunningham stated the following facts as the basis for his plea:  "[O]n 12/17/04, in Orange County myself and Winston Miller, aka:  Wink, 'Dwayne Thompson,' set out to rob Jason Williams.  During the robbery the loaded gun I was holding accidentally went off and shot [and] killed Jason Williams.  I took his money and cell phone while Winston Miller drove away.  I intended to rob Mr. Williams that night and I knew I was holding a loaded gun."  He was sentenced to 25 years to life.

In 2019, Cunningham filed a resentencing petition pursuant to section 1172.6.  He was appointed counsel.  At the hearing on whether defendant had demonstrated he was entitled to a hearing, the court determined he was ineligible as a matter of law because he admitted to being the actual killer.  We affirmed.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.  The Legislature renumbered former section 1170.95 to section 1172.6 without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)

On July 7, 2022, defendant filed a new petition for resentencing. On July 14, the court's minutes reflect it read and considered the petition, appointed the public defender's office, and assigned the matter to the same judge who considered defendant's previous petition. On the same day, minutes reflect the court denied the petition, determining it was a "duplicate filing." Defendant now appeals.

## II

## DISCUSSION

On appeal, defendant argues the trial court abused its discretion in summarily denying his second petition, contending the trial court did not realize it had the discretion to consider his new petition based on a change in the law. (See *People v. Farfan* (2021) 71 Cal.App.5th 942.)

Even if we assume the trial court should not have denied the petition as a "duplicate," defendant must show he suffered prejudice as a result. To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, the petition would not have been summarily denied. (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Defendant is correct that changes in the law have occurred since his original petition, but none of those changes benefit him. As we found in our prior opinion, "there is no doubt that as the actual killer, defendant is not eligible for resentencing under section [1172.6]." (*People v. Cunningham*, *supra*, G059252.) Defendant points to nothing that has changed with respect to this point, because he cannot do so. Actual killers are still ineligible for relief under the successor statute, section 1172.6.

Defendant claims the error was not harmless because there were "two reasonable interpretations" of the facts, one of which would render him eligible for

3

resentencing. He refers to the following statement where he admitted the factual basis for his plea: "During the robbery the loaded gun I was holding accidentally went off and shot [and] killed Jason Williams. I took his money and cell phone while Winston Mille drove away. I intended to rob Mr. Williams that night and I knew I was holding a loaded gun." Defendant claims that despite the statements that the gun "I was holding accidently went off and shot [and] killed" the victim, there is some *reasonable* interpretation of that statement that might somehow mean he was not the actual killer. He claims the statement "can also be interpreted to mean that while appellant held the gun, something other than appellant, caused the gun to accidentally go off and shoot and kill the victim. For example, appellant's cohort could have accidentally bumped appellant while appellant held the gun, which caused the gun to accidentally fire and shoot the victim." While we award full points for creativity, we do not find this to be a *reasonable* interpretation of the stated facts, but rather a highly contrived alternate theory with no evidentiary support whatsoever.

Further, the case with "new law" he cites to in support of this argument, *People v. Romero* (2022) 80 Cal.App.5th 145, included no new law on this point and did not open any new "avenue" to reargue his petition. Indeed, *Romero* concluded that the defendant's admissions during a plea conclusively established he was the actual killer, despite his contention that his admission was "a 'stray comment.'" (*Id.* at p. 152.) The defendant was therefore ineligible for relief under the statute. (*Id.* at p. 148.) Because this case includes no new substantive law on this point, had defendant wished to raise this argument, he could have done so in his prior petition – not that it would have been any more valid then than it is now.

Simply put, defendant was not prejudiced by the trial court's decision not to conduct a hearing in this case because the changes in the law have not benefitted defendant. As the actual killer, he is ineligible for relief under section 1172.6 as he was under its predecessor.

## III

## DISPOSITION

The order is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.